(Reap. Dec. 11120)

## A. N. DERINGER, INC. v. UNITED STATES

Entry No. D-602.

(Decided January 4, 1966)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

OLIVER, Judge: This appeal for reappraisement is before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to approval by the court, as follows:

1. That this stipulation is limited to the items marked "A" and initialed WLT (Examiner's Initials) by Appraiser William L. Thornton (Examiner's Name) on the invoices covered by the above-entitled appeal.

2. That the involved merchandise consists of pipe organs and parts thereof exported from Canada.

3. That the involved merchandise was entered, or withdrawn from warehouse, for consumption after the effective date of the Customs Simplification Act of 1956 (T.D. 54165) and is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521); that appraisement was accordingly made under Section 402, Tariff Act of 1930 as amended by said Customs Simplification Act.

4. That on or about the dates of exportation of the involved merchandise, such or similar merchandise was not freely sold or offered for exportation to the United States; that on or about said dates of exportation and for a period of at least 90 days thereafter, such or similar imported merchandise was not freely sold or offered for domestic consumption in the United States; that appraisement was accordingly made under constructed value as defined in Section 402(d), Tariff Act of 1930 as amended.

5. That the merchandise, the facts, and the issues are the same in all material respects as that involved in *F. W. Myers & Co., Inc.* v. *United States,* Reap. Dec. 10750, wherein installation expenses in the United States were held to form no part of statutory constructed value; that the record in said case may be incorporated in the record herein.

6. That the constructed value of the involved merchandise as defined in said Section 402(d) is equal to the entered value.

7. That the above-entitled appeal may be submitted for decision upon this stipulation and the incorporated record, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and following the cited decision, I find the proper basis for appraisement of the merchandise in question, as hereinabove identified, is constructed value, as defined in section 402(d), Tariff Act of 1930, as amended, and hold that such statutory value is the entered value.

In all other respects, this appeal for reappraisement is dismissed.

Judgment will be rendered accordingly.